

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Logan
County Attorney
Tom Green County
San Angelo, Texas

Dear Sir:

Opinion No. O-4947
Re: Authority of Commissioners' Court to remit state, county or school taxes accruing against county school lands during period of private ownership upon reacquisition of title by county, and related questions.

    The facts presented by your letter of October 10, 1942, may be briefly stated as follows:

    The State granted to Tom Green County public free school land, all of which was classified as agricultural and grazing land, and all of which was located within Tom Green County. The county sold such land to various individuals, retaining vendor's liens thereon. The purchasers became delinquent, and the county obtained judgments, foreclosing its vendor's liens and thereafter bought in the lands at sheriff's sale.

    While said lands were privately owned state, county and common school district taxes became due on same. Such taxes have never been paid, but upon reacquisition of title the Commissioners' Court entered an order assuming to "remit" all of such taxes and "release" all such tax liens. The county held said lands in its own name for a period of two years and thereafter sold same and conveyed them by general warranty deed to the purchasers.

    In view of the above facts you request the opinion of this department in response to the following questions:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ralph Logan - Page 2.

"1.  Has the Commissioners' Court the authority after reacquiring its school lands, to remit, release, or any manner extinguish the state, county and school district taxes, or the taxes of any one of these governmental units levied against such school lands during their period of private ownership?

"2.  After reacquiring title to its school lands, as above described, was the county liable:

"(a)  For delinquent state taxes accruing during the years of private ownership?

"(b)  For delinquent county taxes accruing during the years of private ownership?

"(c)  For the delinquent common school district taxes accruing during the years of private ownership?

"3.  The county having sold these lands under general warranty deeds in 1939, without exception as to taxes but while such taxes were delinquent, has it the authority to pay the taxes for which it is liable, if any?

"4.  If the county is liable for taxes and has the authority to pay such taxes, from what fund should these taxes be paid?"

Your first question is expressly answered in the negative by our Opinion No. O-4679, a copy of which we enclose herewith.

Subdivision (a) of your second question is answered in the negative by the Supreme Court in the case of Childress County v. State, 127 Texas 343, 92 S. W. (2d) 1011, where the court had before it the identical question here under consideration.  The court there said:

".... when the title to this (public free school) land reverted to Childress County, the tax

Honorable Ralph Logan - Page 3.

lien for State purposes became merged with the owner-
ship of the land by the county. This property, ded-
icated to a county exclusively for a public purpose,
and having been sold by the county to individuals,
who failed to comply with the contract of sale, where-
upon the title to the land reverted to the county,
cannot be burdened with taxes due the State during
the time it was privately owned. 61 C. J., p. 945,
and cases cited; 26 R. C. L., p. 299, and authorities
cited." (Parentheses ours.)

Giving effect to the doctrine of merger announced in
the Childress County case it would seem, a fortiori, that when
the county reacquired title to its public free school lands,
situated within its boundaries, the county's tax lien merged
with its title to the land, so that thereafter, such land would
not be burdened with county taxes. We, therefore, answer sub-
division (b) of your second question in the negative.

It does not follow, however, that the state or county
taxes have been released. On the contrary, the individuals
who owned the lands at the time the taxes accrued during pri-
vate ownership of same, remain personally liable for such
taxes. City of Henrietta v. Eustis, 87 Tex. 14, 26 S. W. 619;
City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496;
Ritchey v. Moor, 112 Tex. 493, 249 S. W. 172. And personal
judgment may be obtained against such tax debtors. Danciger
v. State, (Tex. Sup.) not yet reported.

Subdivision (c) of your second question presents a
somewhat different problem.

The board of school trustees of a common school dis-
trict have control of the affairs of the district. Art. 2749,
R. C. S. That board is a body politic and corporate with author-
ity to sue and be sued. Art. 2748, R. C. S. The county has
no control over the funds of such school district. Art. 2626,
R. C. S., and may not sue to recover tax funds belonging to it.
Watson v. El Paso County, 202 S. W. 126. Since the two entities
are separate and distinct it follows that the tax lien of the
school district did not merge with the county's title upon the
reacquisition of same by the county. Such title was reacquired
by the county subject to such school taxes, and it had the op-
tion of paying same and protecting its interest in the land or

Honorable Ralph Logan - Page 4.

permitting it to be sold therefor. Childress County v. State, supra. Beyond this the county did not become liable for such taxes by reacquisition of title to the lands subject to the taxes, nor by virtue of the simple fact of ownership of said lands during a two-year period. Childress County v. State, supra.

The question remains as to whether the county became liable for such school taxes by virtue of the "general warranty deed" executed by it. It is well settled that the Commissioners' Court has only such authority as is granted to it by the constitution and statutes, either expressly or by necessary implication. Childress County v. State, supra, and authorities there cited. The constitution authorizes sale of the county's public school lands by the Commissioners' Court. Const. Art. 7, Sec. 6. And, R. S. Article 2351 (8) authorizes the Commissioners' Court to provide for the "protection, preservation and disposition" of all such lands granted to the county. Neither the constitution nor the statutes authorize the Commissioners' Court to bind the county or make it liable upon a general warranty contained in a deed executed by such Commissioners' Court. Stewart v. Blain, 159 S. W. 928. Nor do we know of any authority in the Commissioners' Court to bind the county by a covenant against incumbrances. The county holds title to public school land in trust for the permanent school fund. Const. Art. 7, Sec. 6. In conveying title to such land it acts in the capacity of a trustee, and the same law applies and the county will be treated as any other trustee. Gallup v. Liberty County, 122 S. W. 291, Logan v. Stephens County, 98 Tex. 283, 83 S. W. 365. An ordinary trustee is bound neither by the express warranty nor by the implied covenants in a deed executed by him in his trust capacity. Cleveland & Sons v. Smith, 156 S. W. 247. We, therefore, answer Subdivision (c) of your second question in the negative.

Having thus answered your first two questions it becomes unnecessary to answer the other questions contained in your request.

Honorable Ralph Logan - Page 5.


We express our appreciation for the excellent brief accompanying your request.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fowler Roberts*
Fowler Roberts
Assistant

FR:JP


APPROVED DEC 21, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS